UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Awadallah Hasan and Amanda M. Smith, <br><br> Plaintiffs, <br><br> vs. <br><br> Shima Limousine Services, Inc. and Barbara T. Shima, <br><br> Defendants. | No. _____ <br><br> **COMPLAINT** |

Plaintiffs, Awadallah Hasan ("Plaintiff Hasan"), and Amanda M. Smith ("Plaintiff Smith") (collectively "Plaintiffs"), individually, and by and through the undersigned attorney sues the Defendants, Shima Limousine Services, Inc.  ("Defendant Shima Limo"), and Barbara T. Shima ("Defendant Barbara Shima") and alleges as follows:

<u>**PARTIES**</u>

1.     At all material times, Plaintiff Hasan is an individual residing in Cuyahoga County, Ohio.

2.     At all material times, Plaintiff Smith is and individual residing in Lake County, Ohio.

-1-

3.     At all material times, Defendant Shima Limo was a corporation duly licensed to transact business in the State of Ohio. Defendant Shima Lima does business, has offices, and/or maintains agents for the transaction of its customary business throughout Northeast Ohio.

4.     At all relevant times, Plaintiff Hasan was an employee of Defendant Shima Limo. At all relevant times, Defendant Shima Limo, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Hasan's Employment with Defendant Shima Limo. In any event, at all relevant times, Defendant Shima Limo was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiff Hasan.

5.     At all relevant times, Plaintiff Smith was an employee of Defendant Shima Limo. At all relevant times, Defendant Shima Limo, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Smith's Employment with Defendant Shima Limo. In any event, at all relevant times, Defendant Shima Limo was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiff Smith.

6.     At all relevant times, Defendant Barbara Shima owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant Shima Limo.

-2-

At all relevant times, Defendant Barbara Shima had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Hasan's Employment with Defendant Shima Limo. In any event, at all relevant times, Defendant Barbara Shima was an employer subject to the FLSA and employed Plaintiff Hasan.

7.    At all relevant times, Defendant Barbara Shima had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Smith's Employment with Defendant Shima Limo. In any event, at all relevant times, Defendant Barbara Shima was an employer subject to the FLSA and employed Plaintiff Smith.

8.    Upon information and belief, Defendants were and continue to be residents of Lake County, Ohio.

9.    At all relevant times, Plaintiffs were "employees" of Defendant Shima Limo and Defendant Barbara Shima as defined by the FLSA, 29 U.S.C. § 203(e)(1).

10.    The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendant Shima Limo and Defendant Barbara Shima.

11.    At all relevant times, Defendant Shima Limo and Defendant Barbara Shima were and continue to be employers as defined by the FLSA, 29 U.S.C. § 203(d).

12.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

-3-

13.     Plaintiffs, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*

15.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of the Plaintiffs occurred within this judicial district, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## BACKGROUND

16.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA and Ohio minimum wage laws, any employer engaged in commerce must pay its employees a minimum wage not less than $8.10 per hour. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay their employees one and one half times their regular rate of pay for all time worked in excess of 40 hours in a regular workweek. See 29 U.S.C. § 207(a).

## NATURE OF THE CLAIM

17.     Defendants own and/or operate Shim Limousine Services, Inc., an enterprise located in Lake County, Ohio.

-4-

18.     Plaintiff Hasan was employed by Defendants from approximately July 4, 2014 through September 10, 2016 as a driver. At all times during his employment with Defendants, Plaintiff Hasan was non-exempt from the FLSA's overtime requirements.

19.     Plaintiff Smith was employed by Defendants from approximately February 1, 2016 through present as a driver. At all times during his employment with Defendants, Plaintiff Smith was non-exempt from the FLSA's overtime requirements.

20.     During each and every workweek during which Defendants employed Plaintiffs, Plaintiffs were not paid on an hourly basis and were instead paid on a "per run" basis in which they were paid approximately $12.00 to $18.00 for each ride that was assigned to them throughout Plaintiffs' workday.

21.     For the entire duration of Plaintiffs' employment with Defendants, Plaintiffs would work 12 to 18 hours a day for 5 to 7 days per week. In many instances, the "per run" pay at which Defendants compensated Plaintiffs was not sufficient to constitute minimum wage.

22.     As a result of Defendants' failure to pay Plaintiffs' minimum wage, Defendants have violated 29 U.S.C. § 206(a).

23.     For the entire duration of Plaintiffs' employment with Defendants, Defendants had a consistent policy and practice of requiring Plaintiffs to work well in excess of forty (40) hours per week without paying Plaintiffs time and a half for hours worked over forty (40) hours per week.

-5-

24. In a given workweek, and during each and every workweek during which Plaintiffs worked for Defendants, Plaintiffs worked in excess of 40 hours without being compensated one-and-one-half times their regular rate of pay.

25. As a result of Defendants' failure to pay time and a half to Plaintiffs for hours worked over forty (40) hours per week, Defendants violated 29 U.S.C. § 207(a).

26. Plaintiffs were non-exempt employees.

27. Plaintiffs were not managers. Plaintiffs did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess authority to make critical job decisions with respect to any of Defendants' employees, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

28. Plaintiffs' primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise.

29. From the beginning of Plaintiffs' employment through the present day, Defendants failed to properly compensate Plaintiffs for any of their overtime hours. During this time, Plaintiffs worked approximately seventy five (75) hours per week.

30. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiffs over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

31.     Defendants refused and/or failed to properly disclose to or apprise Plaintiffs of their rights under the FLSA.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE AND/OR REFUSAL TO PAY MINIMUM WAGE

32.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

33.     During each and every workweek during which Defendants employed Plaintiff Hasan, Plaintiff Hasan was not paid on an hourly basis and was instead paid on a "per run" basis in which he was paid approximately $12.00 to $18.00 for each ride that was assigned to him throughout Plaintiff's workday.

34.     For the entire duration of Plaintiff Hasan's employment with Defendants, Plaintiff Hasan would work 12 to 18 hours a day for 5 to 7 days per week. In many instances, the "per run" pay at which Defendants compensated Plaintiff Hasan was not sufficient to constitute minimum wage.

35.     During each and every workweek during which Defendants employed Plaintiff Smith, Plaintiff Smith was not paid on an hourly basis and was instead paid on a "per run" basis in which she was paid approximately $12.00 to $18.00 for each ride that was assigned to her throughout Plaintiff's workday.

36.     For the entire duration of Plaintiff Smith's employment with Defendants, Plaintiff Smith would work 12 to 18 hours a day for 5 to 7 days per week. In many instances, the "per run" pay at which Defendants compensated Plaintiff Smith was not sufficient to constitute minimum wage.

37.     As a result, Defendants have intentionally failed and/or refused to pay Plaintiffs minimum wage according to the provisions of the FLSA and Ohio law.

38.     Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs in accordance with 29 U.S.C. § 206.

39.     Although at this stage, Plaintiffs are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiffs believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

40.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiffs over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

41.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs a wage equal to minimum wage.

42.     As a result of Defendants failure or refusal to pay Plaintiff a wage equal to minimum wage for all hours worked by Plaintiffs for, Defendants violated 29 U.S.C. § 206(a). Plaintiffs are therefore entitled to compensation of minimum wage for all hours

worked by Plaintiffs, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

43. **WHEREFORE**, Plaintiff, Awadallah Hasan, and Plaintiff, Amanda M. Smith, individually, requests that this Court enter Judgment against Defendants Shima Limousine Services, Inc. and Defendant Barbara T. Shima, in their favor:

    a. Awarding Plaintiffs minimum wage compensation in the amount due to them for all of Plaintiffs' time worked while working at Shima Limousine Services , Inc.

    b. Awarding Plaintiffs liquidated damages in an amount equal to the minimum wage award;

    c. Awarding Plaintiffs reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. For Plaintiffs' costs incurred in this action;

    e. Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    f. Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all amounts from the date of such award until paid in full;

    g. For such other and further relief as the Court deems just and proper.

**COUNT TWO: FAIR LABOR STANDARDS ACT
FAILURE AND/OR REFUSAL TO PAY OVERTIME**

44. Plaintiff's reallege and incorporate by reference all allegations in all preceding paragraphs.

45.     In a given workweek, and during each and every workweek, during which Plaintiff Hasan was employed by Defendants, Plaintiff Hasan regularly and consistently worked approximately thirty five (35) hours of overtime per week, and Defendants did not pay Plaintiff Hasan one-and-one-half times his regular hourly rate for such time worked.

46.     For example, and upon information and belief, during the workweek of September 4, 2016, Plaintiff Hasan was scheduled, and worked, for more than 40 hours. Defendants failed and/or refused to compensate Plaintiff at one-and-one-half times his regular hourly rate for all time he worked in excess of forty (40) hours.

47.     In a given workweek, and during each and every workweek, during which Plaintiff Smith was employed by Defendants, Plaintiff Smith regularly and consistently worked approximately thirty five (35) hours of overtime per week, and Defendants did not pay Plaintiff Smith one-and-one-half her regular hourly rate for such time worked.

48.     For example, and upon information and belief, during the workweek of September 4, 2016, Plaintiff Smith was scheduled, and worked, for more than 40 hours. Defendants failed and/or refused to compensate Plaintiff Smith at one-and-one-half times her hourly rate for all time she worked in excess of forty (40) hours.

49.     As a result, Defendants have intentionally failed and/or refused to pay Plaintiffs overtime according to the provisions of the FLSA.

50.     Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs in accordance with 29 U.S.C. § 207.

51.     Although at this stage, Plaintiffs are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiffs believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

52.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiffs over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

53.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs a wage equal to one and one half times their regular hourly rate for all time spent performing labor for Defendants in excess of a regular 40-hour workweek.

54.     As a result of Defendants failure or refusal to pay Plaintiffs a wage equal to one and one half times their regular hourly rate for work Plaintiff performed for Defendants in excess of their regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiffs are therefore entitled to compensation of one-and-one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

55.     **WHEREFORE**, Plaintiff, Awadallah Hasan, and Plaintiff, Amanda M. Smith, individually, request that this Court enter Judgment against Defendants Shima Limousine Services, Inc. and Defendant Barbara T. Shima, in their favor:

a.  Awarding Plaintiffs overtime compensation in the amount due to them for all of Plaintiffs' time worked in excess of forty (40) hours per work week at an amount equal to one-and-one-half times Plaintiffs' regular rate while working at Shima Limousine Services , Inc.

b.  Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

c.  Awarding Plaintiffs reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.  For Plaintiffs' costs incurred in this action;

e.  Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f.  Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all amounts from the date of such award until paid in full;

g.  For such other and further relief as the Court deems just and proper.

/ /

/ /

/ /

RESPECTFULLY SUBMITTED this 28th Day of November, 2016.

THE BENDAU LAW FIRM, PLLC

By:    /s/ Clifford P. Bendau, II
Clifford P. Bendau, II (OH# 0089601)
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Telephone OH: (216) 395-4226
Facsimile: (602) 956-1409
Email: cliffordbendau@bendaulaw.com

By:    /s/ James L. Simon
James L. Simon (OH# 0089483)
6000 Freedom Square Drive
Freedom Square II – Suite 165
Independence, Ohio 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com

*Counsel for Plaintiff*

-13-